IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

**KAREN THOMAS**
2011 Candle Way
Green Bay, WI 54304

      Plaintiff,

v.

**CITY OF GREEN BAY**
100 North Jefferson Street, #200
Green Bay, WI 54301-5026

      Defendant.

Case No.: 21-cv-979

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff, Karen Thomas, through her attorneys, Hawks Quindel, S.C., by Nicholas E. Fairweather and Lili C. Behm, for her Complaint against the Defendant, City of Green Bay, states as follows:

### NATURE OF ACTION

1. Plaintiff, Karen Thomas, brings this action under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. ("FMLA") to correct unlawful employment practices and to provide appropriate relief where she was adversely affected by such practices.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this case involves federal questions under the FMLA, 29 U.S.C. § 2601 *et. seq.*

3. Venue is proper in the Eastern District of Wisconsin under 28 U.S.C. § 1391(b) and 42 U.S.C. §§ 12117(a), 2000e-5(f)(3) because all acts or omissions giving rise to this claim occurred in this district in Green Bay, Wisconsin.

## PARTIES

4. Plaintiff, Karen Thomas ("Ms. Thomas"), is an adult resident of the State of Wisconsin, residing at 2011 Candle Way, Green Bay, Wisconsin 54304. She was an employee of Defendant, City of Green Bay ("City"), from June 13, 2018, to December 9, 2019.

5. At all relevant times, Ms. Thomas was an "eligible employee" having worked at least 1,250 hours during the 12-month period immediately preceding the date she requested medical leave to care for her husband from the City on or about September 16, 2019 under the Family and Medical Leave Act ("FMLA"), pursuant to 29 U.S.C. §§ 2611(2)(A)(i, ii).

6. The City is a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

7. The City is an "employer" engaged in an industry affecting commerce pursuant to 29 U.S.C. § 2611(4)(A)(i) and 29 C.F.R. § 825.104(a) for purposes of the FMLA.

8. The City employs fifty (50) or more employees for each working day during twenty (20) or more calendar workweeks in the year in question as well as the year preceding it pursuant to U.S.C. § 2611(4)(A)(i) for purposes of the FMLA.

## FACTUAL ALLEGATIONS

9. Ms. Thomas was hired at the City and began her employment on June 13, 2018.

10. Over a year later, Ms. Thomas's husband required a total knee replacement and follow-up care. Ms. Thomas requested FMLA leave from Transit Director Patty Kiewicz and Transit Supervisor Patrick Schmidt on September 16, 2019.

11. Mr. Thomas underwent the surgical procedure on September 30, 2019; Ms. Thomas's FMLA leave was approved from September 30, 2019 through October 14, 2019. She was further approved for intermittent leave through December 23, 2019. The initial leave period was later extended by one week, with Ms. Thomas returning to work full-time on October 21, 2019.

12. Ms. Thomas accompanied her husband to an appointment on October 22, 2019. This was covered by Ms. Thomas's intermittent leave. Yet Transit Supervisor Chris Braatz requested a doctor's note to explain Ms. Thomas's absence.

13. When Ms. Thomas informed Mr. Braatz that the physician's certification had already been received by the City, Mr. Braatz insisted that a note was required, stating, "this is how we've always done it."

3

14. Mr. Braatz continued to demand the note, eventually informing Ms. Thomas that her failure to produce it would be an "unexcused absence," i.e., possible termination of her employment.

15. Transit Supervisors Harman Singh, Mr. Braatz, and Mr. Schmidt, as well as Transit Director Ms. Kiewicz, continued demanding doctor's notes from Ms. Thomas through December 2019. Ms. Thomas correctly referred her supervisors to the physician's certification previously filed with the City's Human Resources Department at the time of her request for leave.

16. Rather than continue to endure harassment from her supervisors regarding an approved intermittent leave, Ms. Thomas submitted a letter of resignation on December 9, 2019.

## FIRST CAUSE OF ACTION:
## INTERFERENCE WITH PLAINTIFF'S EXERCISE OF RIGHTS UNDER THE FMLA, IN VIOLATION OF 29 U.S.C. 2615(a)(1)

17. Ms. Thomas re-alleges and incorporates herein by reference the above numbered paragraphs.

18. The FMLA, 29 U.S.C. § 2615(a)(1), prohibits an employer from interfering with the exercise of, or the attempt to exercise, any right provided by the FMLA.

19. Ms. Thomas exercised a right under the FMLA when she requested and used approved family leave under the FMLA.

20. By engaging in the conduct such as that described *supra* at ¶¶ 12-16, the City interfered with Ms. Thomas's exercise of rights under the FMLA when it failed or refused to accept her need for intermittent family leave, instead demanding physician certification (from her husband's physician) for each absence.

21. As a direct and proximate result of the City's violations of 29 U.S.C. § 2615(a)(1), Ms. Thomas has suffered economic damages including her lost wages and interest she would have earned on that money, and Ms. Thomas has incurred attorney's fees.

## SECOND CAUSE OF ACTION:
## RETALIATION AGAINST PLAINTIFF FOR ENGAGING IN PROTECTED ACTIVITY UNDER THE FMLA, IN VIOLATION OF 29 U.S.C. 2615(a)(2)

22. Ms. Thomas re-alleges and incorporates herein by reference the above numbered paragraphs.

23. The FMLA declares that "it shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter." 29 U.S.C. § 2615(a)(2).

24. Indeed, an employer may not consider the taking of FMLA leave as a negative factor in employment actions. 29 C.F.R. § 825.220(c).

25. Ms. Thomas engaged in protected activity by requesting and using approved medical leave under the FMLA.

26. Ms. Thomas suffered an adverse employment action when the City continually requested additional medical certification from her, harassed her and threatened to discipline her for FMLA-protected absences to the extent that Ms. Thomas felt she had no choice but to resign her employment.

27. By engaging in the conduct such as that described above, the City willfully discriminated against Ms. Thomas for taking family leave under the FMLA, in violation of 29 U.S.C. § 2615(a)(2).

28. The City's continual harassment and threats against Ms. Thomas, which led her to feel coerced into leaving her employment, were motivated by and undertaken in retaliation for Ms. Thomas's FMLA-protected family leave.

29. As a direct and proximate result of the City's violations of 29 U.S.C. § 2615(a)(2), Ms. Thomas has suffered economic damages including her lost wages and interest she would have earned on that money, and Ms. Thomas has incurred attorney's fees.

## RELIEF REQUESTED

WHEREFORE, Ms. Thomas demands judgment against the City, ordering:

A. Award of back pay equal to the pay she would have received absent the discriminatory conduct and interest on the back pay awarded pursuant to 29 U.S.C. § 2617(a)(1)(A);

B. Order reinstatement or, alternatively, front pay in an amount sufficient to make Ms. Thomas whole pursuant to 29 U.S.C. § 2617(a)(1)(B);

C. Liquidated damages as well as pre-and post-judgment interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

D. Award Ms. Thomas her reasonable attorney's fee, including litigation expenses, and costs, pursuant to 29 U.S.C. § 2617(a)(3); and

E. Award other such relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury.

Dated this 19th day of August, 2021.

**HAWKS QUINDEL, S.C.**
*Attorneys for Plaintiff, Karen Thomas*

By: */s/ Nicholas E. Fairweather*
Nicholas E. Fairweather, State Bar No.: 1036681
Email: nfairweather@hq-law.com
Lili C. Behm, State Bar No.: 1107458
Email: lbehm@hq-law.com
409 East Main Street
Post Office Box 2155
Madison, Wisconsin 53701-2155
Telephone: (608) 257-0040
Facsimile: (608) 256-0236